WILL FRANK PARENT V. THE STATE.

No. 18730.   Delivered February 3, 1937.
Rehearing Granted April 14, 1937.

The opinion states the case.

*John J. Pichinson* and *John E. Lyle, Jr.,* both of Corpus Christi, and *Henry R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to theft; the punishment, confinement in the penitentiary for ten years.

Appellant filed a motion for a change of venue, upon which the court heard evidence. The testimony heard by the court warranted the conclusion that appellant could obtain a fair and impartial trial in Nueces County. Hence the motion was properly overruled.

The testimony on the part of the State was sufficient to warrant the conclusion of the jury that H. L. Martin and others stole $15,000 from Harry Raypole; that appellant was not present at the time of the commission of the offense by said parties; that prior to the commission thereof appellant advised, commanded and encouraged Martin and said other parties to steal Mr. Raypole's money. Appellant did not testify and introduced no witnesses.

The term of court at which appellant was convicted ended May 30, 1936. On the 26th of June, 1936, the trial judge entered an order allowing appellant 60 days after the 26th of June in which to file his bills of exception. The bills were filed August 26, 1936, which was 61 days after June 26th. Said bills having been filed too late, are not entitled to consideration.

Appellant has not favored us with a brief.

The sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than two nor more than ten years.

As reformed, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There was no brief on file for appellant when we wrote originally, and the fact that appellant asked special charges, which were refused, escaped us and was not considered. In his motion for rehearing appellant urges that the case is one on circumstantial evidence, and that a special charge was requested submitting the law of said issue, which was refused by the court. We find this to be correct, and that upon said refused charge it was noted by the trial judge that same was presented in time, and that the refusal to give it was duly excepted to.

Appellant was charged in this case with being an accomplice to the crime of theft, alleged to have been committed by other parties. No witness claimed to have been present when any sort of agreement was made as to the acting together of appellant with said other parties, nor do we find any direct evidence in the record showing that there was any such understanding ever had. The fact that appellant was an accomplice, and that he did advise, aid, encourage and assist the parties named as principals, in the commission of the offense of theft,—is in nowise established by direct testimony, but on the contrary is an inference or a deduction from the facts testified to by witnesses showing the association of the parties, and the strong probability that appellant was in fact aiding, advising and assisting in those things which led up to and finally were consummated in the theft of the money alleged to have been stolen.

Plainly when the guilt of the accused is not testified to directly by any witness, but is a matter of inference from circumstances, it would be the duty of the trial court to submit the case on the law of circumstantial evidence. We have become convinced that in refusing to grant the request of the appellant and give the special charge, or in not submitting the case upon the law of circumstantial evidence, the learned trial judge fell into error for which the case must be reversed.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*